Although I concur in the judgment reached by the majority's treatment of this matter, I write separately to amplify the holding in Bowers v.Hardwick (1986), 478 U.S. 186, as it applies tangentially to the case at hand. In Bowers, the United States Supreme Court held that there is no "fundamental right [of] homosexuals to engage in acts of consensual sodomy." Id. at 192. The Bowers case also provided that:
 "Even if the conduct at issue here is not a fundamental right, [the] respondent asserts that there must be a rational basis for the law and that there is none in this case other than the presumed belief of a majority of the electorate in Georgia that homosexual sodomy is immoral and unacceptable. This is said to be an inadequate rationale to support the law. The law, however, is constantly based on notions of morality, and if all laws representing essentially moral choices are to be invalidated under the Due Process Clause, the courts will be very busy indeed. Even [the] respondent makes no such claim, but insists that majority sentiments about the morality of homosexuality should be declared inadequate. We do not agree, and are unpersuaded that the sodomy laws of some 25 States should be invalidated on this basis." Id. at 196.
Thus, the Supreme Court held that privacy protections do not extend to homosexual relationships between consenting adults in the privacy of the home and declined to take a more expansive view of its authority to discover new fundamental rights imbedded in the Due Process Clause. Id. at 194. Therefore, in the absence of state action impinging upon a fundamental right, a rational basis test is used to test a statute's constitutional validity. Id. at 196.
Again, I agree with the result reached in the instant matter, but note the outcome of the Bowers decision as it indirectly bears on the equal protection argument advanced here regarding the claim of disparate treatment accorded to homosexuals in Ohio under the singularized concept of importuning contained in R.C. 2907.07(B). Clearly the holding of theBowers court manifested a strong indication that that court would essentially tend to defer to a state's attitude involving sexual conduct proscriptions as they would relate to constitutional rights.
 __________________________________ DONALD R. FORD, PRESIDING JUDGE